UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00092-FDW-SCR

| | |
|---|---|
| AMEAL GRAHAM, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CAROLINA ENVIRONMENTAL RESPONSE TEAM, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant Carolina Environmental Response Team, Inc.'s Consent Motion to Consolidate Baker v. Carolina Environmental Response Team, Inc., Case No. 3:23-cv-00093-FDK-DCK, and Nesbitt v. Carolina Environmental Response Team, Inc., Case No. 3:23-cv-00095-FDK-DCK, with this case. (Doc. No. 14).

Rule 42 of the Federal Rules of Civil Procedure allows a court to consolidate cases that involve common questions of law or fact. Courts have broad discretion in determining whether or not to consolidate. A/S Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977). Consolidation does not merge the suits into a single cause, or change the rights of the parties. Intown Properties Mgmt. Inc. v. Wheaton Van Lines, 271 F.3d 164, 168 (4th Cir. 2001). In determining whether to consolidate a case, the Court considers several factors including: (1) the risk of prejudice and confusion, (2) the burden on the parties and witnesses, and (3) the economy of judicial resources. See Arnold v. Eastern Airlines, 681 F.2d 186, 193 (4th Cir. 1982).

These cases against Defendant Carolina Environmental Response Team concern the same facts and time period, involving common questions of law and fact. The witnesses in each matter are identical and are anticipated to provide relevant testimony for each individual Plaintiff's claim

1

of race discrimination in violation of Title VII of the Civil Rights Act of 1964. Accordingly, the Court finds these three cases should be consolidated.

In light of consolidation, the parties are granted an extension for filing of Pretrial Submissions. Pretrial Submissions are now due **Friday, April 19, 2024**. As part of Pretrial Submissions, the Court asks the parties include an updated approximation of the anticipated time needed for a trial in these matters. Following a review of the parties' proposed witness list, exhibits, testimony, and estimated trial time, the Court will consider whether imposing time limits through use of a chess clock is appropriate here.

**IT IS THEREFORE ORDERED** that Defendant's Consent Motion for Consolidation, (Doc. No. 14), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' Pretrial Submissions are due **Friday, April 19, 2024**.

**IT IS SO ORDERED.**

Signed: April 15, 2024

Frank D. Whitney
United States District Judge